Submitted on record and appellant's brief April 19,
affirmed June 28, 1967

# STATE OF OREGON, *Respondent, v.* ROBERT E. MILLER, *Appellant.*

430 P. 2d 985

Robert E. Miller, Salem, filed a brief in propria persona.

No appearance for respondent.

Before PERRY, Chief Justice, and McALLISTER, SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

HOLMAN, J.

Defendant was convicted of burglary not in a dwelling upon his plea of guilty and was sentenced to 18 months in prison. The maximum sentence for the crime was ten years. During these proceedings he was represented by court-appointed counsel whom the defendant himself selected. He subsequently indicated he desired to appeal and the same attorney who had previously represented him was appointed to represent him on appeal. That attorney was relieved upon his statement that he had been appointed to represent defendant on appeal through a mistake, that he was thoroughly familiar with the facts, that he knew no basis for appeal, and that therefore defendant was entitled to other counsel. The trial court then appointed the Public Defender to represent defendant. The Public Defender, through his deputy, thereafter filed an application to withdraw as attorney of record

for defendant. The application was accompanied by a statement under oath to the effect that a transcript had been secured and examined, the legal contentions which might possibly be raised upon appeal had been researched, and no meritorious grounds for appeal existed. The application to withdraw was granted and the appeal proceeded with defendant acting as his own counsel. He made no further request for a lawyer.

■ In defendant's brief, which was of his own preparation, he admits he was guilty as charged but complains of the sentence he received. His objections appear to be: (1) that he was entitled to a jury trial on the issue of the nature of his sentence; (2) it was not proper to take into consideration his prior record; and (3) the sentencing judge compared the record of the defendant with that of his two accomplices, and also considered the sentence they received in determining what sentence defendant should receive. In this state, upon an appeal from a properly received plea of guilty, the only thing that can be considered is whether excessive, cruel or unusual punishment disproportionate to the offense has been imposed. ORS 138.050. Defendant had a prior juvenile record and he received 18 months in the intermediate institution for a crime for which the maximum penalty was ten years in the penitentiary.

■ A full examination of the above contentions of defendant and the transcript of the proceedings and sentence in the trial court make it apparent that defendant has no legitimate ground to complain of his treatment in that court. His real complaint is that he did not receive probation. His appeal is wholly frivolous. However, there is an unraised issue of major consequence which is inherent in the appeal. This question is whether defendant *must be* represented by

counsel on appeal in order to protect his right to due process and to representation under the Sixth Amendment to the Federal Constitution.

*Gideon v. Wainwright,* 372 US 335, 83 S Ct 792, 9 L ed 799, 93 ALR2d 733 (1963), applied the requirements of the Sixth Amendment to the states through the Fourteenth Amendment. In *Griffin v. Illinois,* 351 US 12, 76 S Ct 585, 100 L ed 891, 55 ALR2d 1055 (1956), and *Douglas v. California,* 372 US 353, 83 S Ct 814, 9 L ed2d 811 (1963), it was held that equal justice and due process under the constitution were not afforded an indigent appellant where the nature of the appellate review depended upon the amount of his funds.

In *Anders v. California,* 386 US 264, 87 S Ct 1396, 18 L ed2d 493 (1967), the court held that the constitutional requirements of substantial equality and due process were not attained where the appointment of additional counsel on appeal was refused after previously appointed counsel had been relieved when he filed a letter with the court stating that he had examined the record and found no grounds for appeal.

██ Despite the above authorities it is the opinion of this court that, in the present factual context, defendant was not deprived of equal protection or due process when he was not furnished additional counsel. Taking into consideration the sentence he received, the maximum sentence allowable, and the statutory limitation of issues on an appeal from a properly received plea of guilty, we believe that, as a matter of law, he could not have been benefited by the further services of a lawyer.

The judgment of conviction and the sentence are affirmed.